IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JIMMY LEE WILLIAMS,

               Petitioner,

  v.

WARDEN L. TEGELS,

               Respondent.

OPINION & ORDER

18-cv-170-jdp

---

In this petition for a writ of habeas corpus under 28 U.S.C. § 2254, prisoner Jimmy Lee Williams is challenging his 2015 conviction for second degree sexual assault of a child. He raises four grounds in his petition: (1) the circuit court erred by refusing to allow Williams to present evidence of the alleged victim's prior sexual conduct, in violation of the Due Process Clause; (2) the circuit court did not have jurisdiction because the criminal complaint was defective; (3) trial counsel provided ineffective assistance of counsel by pressuring him not to withdraw a no-contest plea; and (4) the circuit court relied on inaccurate information at sentencing.

Accompanying Williams's petition is a motion to stay the case while Williams pursues a remedy in state court on several additional grounds: (1) the circuit court excluded Williams from a "pretrial conference" with trial counsel on April 27, 2015; (2) the circuit court held "off the record" discussions on three occasions; (3) after Williams withdrew his motion to withdraw his no-contest plea, the circuit court did not conduct another colloquy to ensure that Williams understood the rights he was waiving; and (4) both trial counsel and appellate counsel were ineffective for failing to raise the first three issues. Williams has also filed a motion for assistance in recruiting counsel.

For the reasons discussed below, I am denying Williams's motions and dismissing the petition as meritless.

ANALYSIS

**A. Motion to stay**

Under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), a court may stay a habeas petition to allow a prisoner to exhaust state court remedies if: (1) the petitioner has good cause for his failure to exhaust his new claim before now; and (2) the claim is not plainly meritless. I will deny the motion because Williams has not satisfied either requirement.

As an initial matter, Williams does not provide any justification for failing to raise these issues in state court sooner. Although Williams had counsel on appeal, that lawyer filed a "no merit" brief, leaving Williams free to raise any ground he wished. In fact, the four grounds asserted in his petition in this court were all grounds that he raised pro se on appeal. Williams also acknowledges that the Wisconsin Supreme Court denied his petition for review in March 2017 and he offers no reason for failing to raise new claims in the year that passed before he filed this petition.

Regardless, none of Williams's new claims have merit. As to the claim that the circuit court and trial counsel had a "pretrial conference" outside his presence, the Due Process Clause does not guarantee the accused a right to attend every hearing. Rather, that right applies when the defendant's "presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *United States v. Segal*, 495 F.3d 826, 837 (7th Cir. 2007) (quoting *United States v. Gagnon*, 470 U.S. 522, 526 (1985)). In this case, Williams does not allege that anything of significance occurred at the conference and it is difficult to see how

it could have in light of Williams's decision to plead no contest. Williams does not allege that anything that occurred at the conference affected his decision to enter the plea.

As to Williams's claim that the circuit court held "off the record" discussions on three occasions, Williams fails to explain what these discussions were about or how they prejudiced him. Regardless, Williams's claim is that the circuit court violated the Wisconsin Supreme Court Rules by failing to report the entire proceeding. Even if this is true, that would be a violation of state law, which cannot be raised in a § 2254 petition. *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996).

Williams's third new claim relates to the somewhat unusual circumstances surrounding his decision to enter a no-contest plea. After Williams entered his plea, he obtained new counsel and moved to withdraw his plea. But before the circuit court acted on that motion, Williams withdrew it. Williams says that the circuit court should have conducted a colloquy with him after he withdrew his motion, but he admits that the court had *already* conducted a colloquy when he entered his original plea and he does not identify any deficiencies in that colloquy. Williams says the original colloquy was "voided," but his own allegations show that is incorrect. Williams admits that he withdrew his motion to withdraw his plea *before* the circuit ruled on the motion, so nothing was "voided" except that motion. Williams identifies no reason why it would be necessary to engage in a second colloquy under those circumstances.

Finally, because I have rejected each of Williams's first three new claims as meritless, it follows necessarily that he cannot prevail on his fourth new claim, which is that his counsel was ineffective for failing to raise these issues. Counsel does not act deficiently by failing to raise a meritless issue.

Because Williams has not shown good cause for failing to raise his new claims in state court sooner and none of the claims have merit, I will deny the request for a stay.

**B. Rule 4 screening**

Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because it is clear that Williams cannot prevail on any of the grounds raised in his petition, I am dismissing the case.

Williams's first claim is that the circuit court erred by refusing to allow Williams to present evidence of his alleged victim's prior sexual conduct, in violation of the Due Process Clause. But the Wisconsin Court of Appeals held that Williams waived this claim by pleading no contest, Dkt. 1-4, at 4, relying on a longstanding rule under Wisconsin law. *State v. Kelty*, 2006 WI 101, ¶ 18, 294 Wis. 2d 62, 73, 716 N.W.2d 886, 892. When a state court denies relief under a state procedural rule like this one, a federal court cannot review the claim unless the petitioner shows cause and prejudice. *Johnson v. Thurmer*, 624 F.3d 786, 789 (7th Cir. 2010); *Sreckenbach v. Dittman*, No. 13-C-269, 2014 WL 978495, at *1 (E.D. Wis. Mar. 12, 2014); *Nash v. Hepp*, No. 08-cv-202, 2009 WL 1034485, at *3 (E.D. Wis. Apr. 16, 2009).

Williams has not shown cause in this case. The Wisconsin Court of Appeals found in its decision that Williams was aware at the time that he could not appeal the evidentiary ruling if he entered a no-contest plea, Dkt. 1-4, at 4, and Williams does not challenge that finding. Instead, he says that that the circuit court did not ask him whether he "understood the difference between a guilty plea and a no-contest plea." Dkt. 1, at 7. But that is a separate question. The important point for the purpose of this case is that Williams was aware of the rights he was waiving. *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). The

4

Wisconsin Court of Appeals found that the circuit court's colloquy was sufficient in that regard and Williams does not challenge that finding. It does not matter whether the circuit court explained any differences between a no-contest plea and a guilty plea, so long as Williams knew the consequences of his plea. *State v. Morse*, 2005 WI App 223, ¶ 11, 287 Wis. 2d 369, 376, 706 N.W.2d 152, 155.[1]

Williams's second ground is that the circuit court did not have jurisdiction because the criminal complaint was defective. But, as the court of appeals explained, a "circuit court lacks criminal subject-matter jurisdiction only where the complaint does not charge an offense known to law." *State v. Aniton*, 183 Wis. 2d 125, 129, 515 N.W.2d 302, 304 (Ct. App. 1994). Because Williams was charged with sexual assault of a child, which is a crime under Wisconsin law, Wis. Stat. § 948.02, this claim has no merit.

In his petition, Williams supports this claim by challenging the sufficiency of the evidence collected by the police. Dkt. 1, at 9. But, again, that is a different question, one that Williams did not raise in state court. In any event, Williams acknowledges that his alleged victim reported that he had sexually assaulted her, which would be sufficient to support a conviction. *Ali v. Baenen*, No. 12-cv-841-bbc, 2013 WL 4591980, at *4 (W.D. Wis. Aug. 28, 2013) ("[A] victim's testimony is sufficient to support a conviction for sexual assault.").

Williams's third ground is that his trial counsel provided ineffective assistance of counsel by pressuring him not to withdraw his no-contest plea. To prevail on a claim for

---

[1] "The primary difference between a guilty and a no-contest plea is simply that a guilty plea may be used against a defendant in a subsequent or collateral civil action." *State v. Hart*, No. 2013AP420-CRNM, 2013 WL 12183714, at *3 (Wis. Ct. App. Oct. 17, 2013). Williams does not allege now that the difference would have had any bearing on his decision to plead no contest.

ineffective assistance of counsel, a petitioner must show both that counsel performed deficiently and that the petitioner was prejudiced as a result. *Hinton v. Alabama*, 134 S. Ct. 1081, 1087–88 (2014). The Wisconsin Court of Appeals rejected this claim on the ground that there was no evidence to support it. Dkt. 1-4, at 5. Although Williams alleged that counsel told him that the circuit court "would go easy on him" if he kept his no-contest plea, the circuit court told him that he could be sentenced up to 40 years in prison. *Id.* Ultimately, the circuit court sentenced Williams to a 20-year term of imprisonment followed by 10 years of extended supervision. *Id.* at 3.

Again, Williams does not challenge the court of appeals' understanding of the facts. He repeats his allegation that counsel told him that he would get a "lighter sentence" if he pleaded guilty, but he does not allege that counsel promised that he would receive a particular sentence. In fact, Williams did receive a significantly lighter sentence than the 40-year maximum he could have received. And that is without considering the 13 other charges that the state dismissed as part of the plea agreement. *Id.* at 2. Thus, Williams has identified no basis for finding that his counsel performed deficiently by misleading him.

Williams also says that his trial counsel "advised [him] that it would be in his best interest to keep the plea" because "he was facing multiple charges." Dkt. 1, at 12. But Williams does not explain how that advice was either misleading or coercive. Counsel does not provide ineffective assistance by making a recommendation that is based on the facts and circumstances of the case and Williams does not provide any grounds for concluding that counsel's advice was outside "the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985) (internal quotations omitted). In any event, Williams does not

allege that he would have done anything differently if his counsel had given him different advice. *Hutchings v. U.S.*, 618 F.3d 693, 697–99 (7th Cir. 2010).

Fourth, Williams says that the circuit court relied on inaccurate information at sentencing. But this claim is simply a repackaged version of his challenge to his plea. Williams's allegation is that the circuit court failed to consider evidence that he was innocent of his crime, but the court would not have had any reason to consider that evidence in light of Williams's plea. Because I have concluded that Williams's challenge to his plea fails, this claim fails as well.

Williams also includes an allegation that the circuit court "imposed a sentence without meeting the required sentencing guidelines," but he did not raise that claim in state court and he does not explain now how the court erred. In any event, this is another state law claim that cannot be raised in a petition under § 2254.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists

7

would not debate whether Williams is entitled to relief under § 2254. Therefore, no certificate of appealability will issue.

**C. Assistance in recruiting counsel**

The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254 when doing so would serve the interests of justice and the petitioner is financially eligible. In this case, it would not serve the interests of justice to appoint counsel because it is clear from the face of the petition that Williams is not entitled to relief.

ORDER

IT IS ORDERED that:

1. Jimmy Lee Williams's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. Williams's motion to stay, Dkt. 3, is DENIED.

3. Williams's motion for assistance in recruiting counsel, Dkt. 4, is DENIED.

4. Williams is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered April 23, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge