UNITED STATES
CIRCUIT COURT OF APPEALS
SEVENTH CIRCUIT

DOC NO
REC'D/FILED

2018 MAY 31 AM 9:40

PETER OPPENEER
CLERK US DIST COURT
WD OF WI

JIMMY LEE WILLIAMS

   Petitioner,

v.                          Case No. 2016AP410-CRNM

L. TEGELS, WARDEN

   Respondent

U.S.C.A. - 7th Circuit
RECEIVED
MAY 25 2018
GINO J. AGNELLO
CLERK

Motion For The Issuance OF
Certificate OF Appealability


The petitioner, Jimmy Lee Williams, pro se, moves this
Honorable Court pursuant to 28 U.S.C. § 2253(c)(2) for the issuance of
a certificate of appealability.


Previously in this matter the District Judge, James D. Peterson
presiding in the United States District Court Western District of
Wisconsin issued an Order dismissing petitioner's habeas corpus petition,
Motion to Hold in Abeyance, Motion for Appointment of Counsel and denied
petitioner a certificate of appealability, on April 23, 2018.


Petitioner Respectfully Request the issuance of a Certificate
of Appealability [hereafter "COA"].


The issues on which a COA is sought are set forth in
Sec. II, infra.

1.

The legal standard applicable to granting or denying a COA is set forth in Sec. III, infra.

A summary of the grounds for issuance of a COA in this matter is provided in Sec. IV, infra.

This request is also based upon the files and records in this case, including but not limited to the Petition and supporting exhibits which were filed.

## II.      ISSUES ON Which A COA IS SOUGHT

A. Whether Petitioner's Right to Be Present At Trial Was Violated When He Was Excluded From A Pretrial Conference.

B. Whether The Circuit Court Was Required To Conduct A New Plea Colloquy After It Found A Manifest Injustice and To Ensure That Petitioner Understood His Constitutional Rights He Would Be Waiving By Entering A Plea of No-Contest.

C. Whether Appellate Counsel Was Ineffective.

## III.      LEGAL STANDARD FOR ISSUANCE OF A COA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, in order to take an appeal from a final order denying habeas corpus, a Certificate of Appealability must be obtained from a circuit justice or from the district court judge. 28 U.S.C.

Sec. 2253, sub.(c)(1). In order to obtain a COA, the petitioner must make a substantial showing of the denial of a Constitutional Right. 28 U.S.C. sec. 2253 (c)(2).

However, the petitioner need not show that he should prevail on the merits. Rather, the petitioner is merely required to make the modest showing that "Reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong". Slack v. McDaniels, 529 U.S. 473, 484 (2000). The substantial showing standard required for a COA is Relatively low. See Slack, 529 U.S. at 483.

A COA, unlike a CPC, requires the petitioner to meet the "substantial showing" standard with respect to each issue he seeks to Raise on appeal. 28 U.S.C. sec. 2253 (3). Otherwise, the standard for obtaining a COA Remains the same. Indeed, in Slack, the Supreme Court noted that:

Except for substituting the word "Constitutional" for the word "federal", 2253 is a codification of the CPC standard announced in Barefoot v. Estelle, 463 U.S. at 894. Congress had before it the meaning Barefoot had given to the words it selected; and we give the language found in sec. 2253 (c) the meaning ascribed it in Barefoot, with due note for the substitution of the word "Constitutional".

IV.     ARGUMENTS SUPPORTING ISSUANCE OF COA

Reasonable Jurists Could Differ as to Whether Petitioner's Right to Be Present at Trial Was Violated When He Was Excluded From a Pretrial Conference between the Court and Defense Counsel.

3.

It is well established that a defendant has a constitutional right to be present at trial. Kentucky v. Stincer, 482 U.S. 730, 745, 107 S. ct. 2 658, 96 L. Ed. 2d 631 (1987). Whether this right to be present at trial encompasses in chambers meetings admits of no catagorical "yes" or "no" answer. A conference in chambers might well constitute part of a trial depending upon what matters are discussed or passed upon. State v. Alexander, 349 Wis. 2d 327, 2013 Wisc. LEXIS 280.

On April 27, 2015, petitioner's right to due process was violated when the trial judge and defense counsel held a pretrial conference in chambers without Williams's presence. See Ex. A pg. 2 of trial transcripts, where the court stated:

The court had a hearing on the ineffective assistance of counsel as to whether or not the court would allow the defendant to withdraw his plea on this matter, and the court just had a short pretrial with counsel in chambers regarding what the status of the case is.

As the United States Supreme Court has outlined, the factors a trial court should consider in determining whether a defendant's presence is required to ensure a fair and just hearing include whether the defendant could meaningfully participate, whether he would gain anything by attending, and whether the presence of the defendant would be counter-productive. United States v. Gagnon, 470 U.S. 522, 527, 105 S. ct. 1482, 842 L. Ed. 2d 486 (1985). (percuriam)

4.

Here, the trial court never considered any of the factors that was outlined by the Supreme Court before excluding petitioner from the pretrial conference. This absence from the pretrial conference hearing held in the judge's chambers denied petitioner a fair and just hearing. Petitioner agrees with the District Court when it stated that the Due Process Clause does not guarantee the accused a right to attend every hearing. See, District Court's Order pg. 2. However, petitioner's right to be present at trial includes the right to be present whenever any substantive step is taken in the case. This right derives from the right to due process as set forth in the U.S. Const. amends. VI, XIV, and in Wis. Const. art. 1, sec. 7.

A hearing involving plea withdrawal due to counsel's ineffectiveness was a substantive step in petitioner's trial to which his presence should have been required.

In Leroux v. State, 58 Wis. 2d 671, 690, 207 N.W. 2d 589 (1973), the Wisconsin Supreme Court held that a defendant has a due process right to be present at an in-chambers meeting only if his absence would deny him a fair and just hearing.

Reasonable Jurists Could Differ as to Whether The Circuit Court was Required to Conduct a New Plea Colloquy after it found a Manifest Injustice and to Ensure that Petitioner Understood his Constitutional Rights he Would be Waiving by Entering a Plea of No-Contest

5.

It is well established that a guilty or no-contest plea must be knowingly, voluntarily, and intelligently entered. Boykin v. Alabama, 395 U.S. 238, 242, 232 L. Ed. 2d 274, 89 S. ct. 1709 (1969). State v. Bangert, 131 Wis. 2d 246, 257, 389 N.W. 2d 12 (1986). A plea that violates a defendant's due process rights, including the right to enter a knowing and voluntary plea after being informed of the criminal penalties, is void and may be withdrawn. State v. Dugan, 193 Wis. 2d 610, 618, 535 N.W. 2d 877, 899-900 (ct. App. 1995).

A circuit court must address defendants personally and fulfill several duties set forth in Wis. Sta. sec. 971.08 and judicial mandates to ensure that a plea of guilty or no-contest is constitutionally sound. State v. Brown, 2006 WI 10, 293 Wis. 2d 594, PP34-36, 716 N.W. 2d 906.

The purpose of these duties is to inform the defendant of the nature of the charges, to ascertain the defendant's understanding of the charge and to ensure that the defendant is aware of the constitutional rights being waived. State v. Bangert, 131 Wis. 2d 246, 267 (1986). In a legal sense, the purpose of the colloquy is to assure a voluntary and intelligent plea, as well as fundamental fairness in the taking of pleas. State v. Hampton, 2004 WI 107, 274 Wis. 379, P44, 683 N.W. 2d 14.

Here, in petitioner's case he entered a plea of no-contest to one count of second degree sexual assault of a child on January 5, 2015 while being represented by attorney Bihler. Prior to entering his plea,

Bihler inform petitioner that he could still appeal the denial of an other acts evidence motion and on the advice of counsel; petitioner signed the plea agreement/Plea Questionnaire/Waiver of Rights Form. See (Ex. B Plea Questionnaire/Waiver of Rights Form and Addendum).

Approximately on April 14, 2015, new defense counsel Mr. Harris submitted a brief in support of supplemental motion to withdraw petitioner's No-contest plea, alleging ineffective assistance of counsel against attorney Bihler. A hearing was held on April 24, 2015 in which Bihler gave testimony as to his Representation of petitioner and on April 27, 2015, the trial judge made a finding that there was misrepresentation and manifest injustice therefore, allowing the defendant to withdraw his plea. (Ex. A pg. 3).

District Judge Peterson state's in his order that Williams's withdraw his motion to withdraw his plea before the circuit court acted on that motion. See Opinion and Order at pg. 3. Ex C
Further, Williams never admitted that he withdrew his motion to withdraw his plea before the circuit court ruled on the motion as the District Judge state's. Id.

The trial court record clearly shows that the circuit court ruled on Williams's motion before he withdrew it. Once the circuit court made a finding of fact that Williams's attorney Mr. Bihler was ineffective and there was manifest injustice, the original plea and record of January 5, 2015 became void and the court was required to conduct a new plea colloquy. See Ex A pg. 3

7.

The record is clear that petitioner, at least in part, made a decision to plead no-contest based on inaccurate information provided to him by former trial counsel Mr. Bihler. The plea agreement to a legal impossibility necessarily rendered a plea an uninformed one. See State v. Riekkoff, 112 Wis. 2d 119, 127 N.W. 2d 744 (1983), where the defendant entered a guilty plea as part of a plea agreement that purported to allow him to appeal an evidentiary ruling contrary to the guilty plea waiver rule. The Supreme Court concluded he could not circumvent the rule in order to obtain appellate review of the evidentiary ruling. Id. At 127-28. However, because he misunderstood the consequences of the plea, Riekkoff was permitted to withdraw his guilty plea. Id. At 128. The court explained:

Riekkoff plead guilty believing that he was entitled to an appellate review of the reserved issue. Both the prosecutor and the trial judge acquiesced of the trial court and the prosecutor stipulated to the right of appellate review, it is clear that Riekkoff was under a misapprehension with respect to the effect of his plea. He thought he had preserved his right of review, when as a matter of law he could not. Under these circumstances, as a matter of law his plea was neither knowing nor voluntary.

This put petitioner case squarely on point with Reikkoff. Because the plea questionnaire was the underlying basis on which the plea was accepted, the sufficiency of the questionnaire is what drove the sufficiency of the plea and because the Addendum to the Plea Questionnaire / and Waiver of Rights Form still preserved petitioner's right to appellate review of an other acts evidence ruling, the

court cannot rely on that as showing that petitioner's plea was knowing, voluntary, and intelligently entered and that he understood the elements of the charge or consequences of waiving his constitutional rights.

The essence of a valid plea is that the defendant knowingly and voluntarily waives the constitutional rights given up by pleading no-contest or guilty. See State v. Bartelt, 112 Wis. 2d 467, 474-75, 334 N.W. 2d 91 (1983). The trial court did not affirmatively establish that petitioner understood the constitutional rights which he in effect would be waiving, including the right against self-incrimination, the right to a trial by jury, and the right to confront one's accuser. See Boykin v. Alabama, 395 U.S. 238, 243 (1969).

For a waiver of constitutional rights to be valid, the plea must be based on " an intentional relinquishment or abandonment of a known right or privilege". McCarthy v. United States, 394 U.S. 459, 466, 89 S. ct. 1166, 22 L. Ed. 2d 418 (1969) (quoting Johnson v. Zerbst, 304 U.S. 458, 464-65 (1938). A plea may be involuntary either because the defendant does not have a complete understanding of the charges or because he does not understand the nature of the constitutional rights he is waiving. Henderson v. Morgan, 426 U.S. 637, 645 n. 1, 96 S. ct. 2253, 49 L. Ed. 2d 108 (1976).

Reasonable Jurists Could Differ as to Whether Appellate Counsel was Ineffective

9.

Appellate Counsel failed to identify, preserve and brief issues of arguable merit in his no-merit Report which had been waived in the trial court. These issues consists of the following:

1. Whether petitioner's Right to be Present at Trial was violated when he was Excluded from a Pretrial Conference.

2. Whether the Circuit Court was Required to Conduct a New Plea Colloquy after it found a Manifest Injustice and to Ensure that Petitioner Understood his Constitutional Rights he Would be Waiving by Entering a Plea of No-Contest

Although appellate counsel is not constitutionally ineffective solely because the attorney failed to Raise every potentially meritorious issue, see Smith v. Robbins, 528 U.S. 259, 287-88 (2000), counsel's decisions in choosing among issues cannot be isolated from Review. E.g., Id; Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986). The same Strickland standard for ineffectiveness applies, with appropriate modifications, to assess the constitutional effectiveness of appellate counsel. Smith, supra.

In a no-merit appeal, a defendant seeking Reinstatement of his direct appeal and post-conviction Rights may assert claims that no-merit counsel provided ineffective assistance of counsel in

both post-conviction and appellate contexts in his habeas petition in the court of appeals. See State ex rel. Panama v. Hepp, 2008 WI 146, P 27, 314 Wis. 2d 112, 758 N.W. 2d 806. This is because the court of appeals is in the best position to evaluate a claim of ineffective assistance of no-merit counsel Id.

The appellate court not only examines the no-merit Report but also conducts its own scrutiny of the Record to find out whether there are any potential appellate issues of arguable merit. See State ex rel. Panama v. Hepp, 2008 WI APP 146, 314 Wis. 2d 112, p14 stating:

Had Fortier's appellate counsel preformed the Requisite "conscientious examination" of the case, he would have indentified an illegally-Raised sentence as a potential appellate issue and would not have filed a no-merit Report.... Likewise, because this court failed to identify the existence of an issue of arguable merit, "a full examination" was not conducted... . Because we cannot fault Fortier for his Reliance on his appellate counsel's assertion in the no-merit Report that there were no issues of arguable merit, we are satisfied that Fortier has shown a "sufficient Reason" for failing to Raise the issue in a Response to the no-merit Report. Fortier, 2006 WI App.11, 289 Wis. 2d 179, P 27, 709 N.W. 2d 893 (citations omitted).

Further, the court held that the failure of either counsel on this court to identify an arguably meritorious

sentencing issue showed that the no-merit procedures had not been properly followed. Thus, we relied on a joint breakdown in the process, not solely on the attorney's failure. Id.

Williams believe that the District Court Judge erred when he rejected the claim of appellate counsel being ineffective as meritless. See District Court's Order at pg. 3

Viewed cumulatively, appellate counsel's failure to identify, preserve and brief the issues enumerated in this motion in his no-merit report denied Williams effective assistance of counsel on his first appeal as of right. The cumulative effect of counsel's deficiencies undermines confidence in the reliability of the appellate process because counsel's deficiencies created a reasonable probability of a different outcome. Williams suffered prejudice because each missed issue did in fact have arguable merit.

Williams ask this Court to look at the District Court's application of AEDPA to his constitutional claims and ask whether that resolution was debatable amongst jurists of reason. This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it. A COA does not require a showing that the appeal will succeed.

The question when deciding whether to issue a COA is the debatability of the underlying constitutional claims, not the Resolution of that debate. Miller-El v. Cockrell, 537 U.S. 322, 342, 154 L. Ed. 2d 931, 123 S. ct. 1029 (2003).

# CONCLUSION

For the Reasons stated herein, this Court should issue a COA as to the Issues on which a COA is sought and should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to Relief.

Dated: May 21, 2018

Respectfully submitted,

Jimmy Lee Williams #578219
Jimmy Lee Williams

```
1    defendant regarding his appellate rights which was

2    never brought up during the course of the colloquy

3    with the defendant.

4              And because there was -- Because

5    there was misrepresentation as to what his rights

6    would be, the court would make a finding that there

7    was manifest injustice and that the court would

8    allow -- there is a fair and just reason for the

9    defendant to have his plea withdrawn.

10             Having said that, what's the status

11   of the case?

12             ATTORNEY HARRIS:  I can tell the

13   court that on Friday after the court said that it

14   would issue its ruling on Monday Mr. Williams and I

15   had a very lengthy conversation as to whether or

16   not -- or how my client wished to proceed in

17   either event regardless of how the State ruled with

18   respect to his motion to withdraw his no contest

19   plea.

20             And Mr. Williams had the weekend to

21   think about it.  And Mr. Williams decided that he

22   wishes to maintain his plea despite the court now

23   deciding that he'd be entitled to withdraw it for

24   good reasons that the court mentioned.

25             So my client at this point
```

ExA pg. 3

STATE OF WISCONSIN, CIRCUIT COURT, _MILWAUKEE_ COUNTY

For Official Use

State of Wisconsin, Plaintiff,
-vs-

**Plea Questionnaire/
Waiver of Rights**

_JIMMY WILLIAMS_ , Defendant  Case No. _14CF1009_
      Name

FILED
CRIMINAL DIVISION

38   JAN 05 2015   38

JOHN BARRETT
Clerk of Circuit Court

I am the defendant and intend to plea as follows:

| Charge/Statute | Plea | Charge/Statute | Plea |
|---|---|---|---|
| 948.02(2) | ☐ Guilty ☒ No Contest | | ☐ Guilty ☐ No Contest |
| 2° SA. f Child | ☐ Guilty ☐ No Contest | | ☐ Guilty ☐ No Contest |

☐ See attached sheet for additional charges.

I am _41_ years old. I have completed _12 +5_ years of schooling. _grade + 1yr Technical College_

| I | ☒ do | ☐ do not | have a high school diploma, GED, or HSED. |
|---|---|---|---|
| I | ☒ do | ☐ do not | understand the English language. |
| I | ☒ do | ☐ do not | understand the charge(s) to which I am pleading. |
| I | ☒ am not | ☐ am | currently receiving treatment for a mental illness or disorder. |
| I | ☒ have not | ☐ have | had any alcohol, medications, or drugs within the last 24 hours. |

**Constitutional Rights**

I understand that by entering this plea, I give up the following constitutional rights:

☒ I give up my right to a trial.
☒ I give up my right to remain silent and I understand that my silence could not be used against me at trial.
☒ I give up my right to testify and present evidence at trial.
☒ I give up my right to use subpoenas to require witnesses to come to court and testify for me at trial.
☒ I give up my right to a jury trial, where all 12 jurors would have to agree that I am either guilty or not guilty.
☒ I give up my right to confront in court the people who testify against me and cross-examine them.
☒ I give up my right to make the State prove me guilty beyond a reasonable doubt.

I understand the rights that have been checked and give them up of my own free will.

**Understandings**

- I understand that the crime(s) to which I am pleading has/have elements that the State would have to prove beyond a reasonable doubt if I had a trial. These elements have been explained to me by my attorney or are as follows: _WIS JI Crim 2104 C+2_   ☒ See Attached sheet.

- I understand that the judge is not bound by any plea agreement or recommendations and may impose the maximum penalty. The maximum penalty I face upon conviction is: _25yrs Initial Confinement + 15yrs Extended Supervision and $100,000 Fine_

- I understand that the judge must impose the mandatory minimum penalty, if any. The mandatory minimum penalty I face upon conviction is: _N/A_

- I understand that the presumptive minimum penalty, if any, I face upon conviction is: _N/A_

The judge can impose a lesser sentence if the judge states appropriate reasons.

CR-227, 05/04 Plea Questionnaire/Waiver of Rights
**This form shall not be modified. It may be supplemented with additional material.**
Page 1 of 2

Wis. Stats. §971.08

SCANNED
JAN - 5 2015

_Ex. B with Addendum_

## Understandings

- I understand that if I am placed on probation and my probation is revoked:
    - if sentence is withheld, the judge could sentence me to the maximum penalty, or
    - if sentence is imposed and stayed, I will be required to serve that sentence.

- I understand that if I am not a citizen of the United States, my plea could result in deportation, the exclusion of admission to this country, or the denial of naturalization under federal law.

- I understand that if I am convicted of any felony, I may not vote in any election until my civil rights are restored.

- I understand that if I am convicted of any felony, it is unlawful for me to possess a firearm.

- I understand that if I am convicted of any violent felony, it is unlawful for me to possess body armor.

- I understand that if I am convicted of a serious child sex offense, I cannot engage in an occupation or participate in a volunteer position that requires me to work or interact primarily and directly with children under the age of 16.

- I understand that if any charges are read-in as part of a plea agreement they have the following effects:
    - Sentencing – although the judge may consider read-in charges when imposing sentence, the maximum penalty will not be increased.
    - Restitution – I may be required to pay restitution on any read-in charges.
    - Future prosecution – the State may not prosecute me for any read-in charges.

- I understand that if the judge accepts my plea, the judge will find me guilty of the crime(s) to which I am pleading based upon the facts in the criminal complaint and/or the preliminary examination and/or as stated in court.

## Voluntary Plea

I have decided to enter this plea of my own free will. I have not been threatened or forced to enter this plea. No promises have been made to me other than those contained in the plea agreement. The plea agreement will be stated in court or is as follows:    ☐ See Attached.

*Plead No CONTEST To Ct 2; Dsmiss (Ned by other Counts, Defendant does not have to admit to other counB, State to recommend prison, length up to court*

## Defendant's Statement

I have reviewed and understand this entire document and any attachments. I have reviewed it with my attorney (if represented). I have answered all questions truthfully and either I or my attorney have checked the boxes. I am asking the court to accept my plea and find me guilty.

_____     1-5-15
Signature of Defendant                  Date

## Attorney's Statement

I am the attorney for the defendant. I have discussed this document and any attachments with the defendant. I believe the defendant understands it and the plea agreement. The defendant is making this plea freely, voluntarily, and intelligently. I saw the defendant sign and date this document.

_____     1-5-15
Signature of Attorney                    Date

As to Count 2:

**2104 SECOND DEGREE SEXUAL ASSAULT OF A CHILD: SEXUAL CONTACT OR INTERCOURSE WITH A PERSON WHO HAS NOT ATTAINED THE AGE OF 16 YEARS c , 948.02(2)**

### Statutory Definition of the Crime

Second degree sexual assault of a child, as defined in , 948.02(2) of the Criminal Code of Wisconsin, is committed by one who has sexual intercourse with a person who has not attained the age of 16 years.

### State's Burden of Proof

Before you may find the defendant guilty of this offense, the State must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.

### Elements of the Crime That the State Must Prove

1.  The defendant had sexual intercourse with <u>Jimmya Williams</u> .

2.  <u>Jimmya Williams</u> was under the age of 16 years at the time of the alleged sexual intercourse.

   Knowledge of <u>Jimmya Williams'</u> age is not required and mistake regarding <u>Jimmya Williams'</u> age is not a defense.

   Consent to sexual intercourse is not a defense.

### Meaning of Sexual Intercourse

"Sexual intercourse" means any intrusion, however slight, by any part of a person's body or of any object, into the genital or anal opening of another. Emission of semen is not required.

### Jury's Decision

If you are satisfied beyond a reasonable doubt that both elements of this offense have been proved, you should find the defendant guilty.

If you are not so satisfied, you must find the defendant not guilty.

Copyright 2008, Regents, Univ. of Wis.

X *Jimmy Williams*                    1-5-15

STATE OF WISCONSIN        CIRCUIT COURT        MILWAUKEE COUNTY
                          Felony Division

State of Wisconsin, Plaintiff,

vs.

JIMMY WILLIAMS, Defendant,                    Case No. 14CF 1009

---

### Addendum to Plea Questionnaire and Waiver of Rights

---

☒ **I read the complaint**    ☐ **My lawyer read the complaint to me.**

**Additional understandings:**

I understand that by pleading I am giving up my right to challenge the
constitutionality of any police action such as the police stopping me, arresting
me, searching me or my property, seizing any evidence, taking a statement
from me, or having any witness identify me. (If the court already decided my
suppression motion, I can still appeal that decision.)

*PLUS:* D intends to appeal Ct decision denying Defense motion for evidence of
I understand that by pleading I am giving up my right to challenge the *other sexual*
sufficiency of the complaint.  *assaults of*
                          *victim by*
                          *Earnest Hale & Isaih Wm*

I understand that by pleading I am giving up any defenses such as insanity,
self-defense, intoxication, alibi, coercion or necessity.

I understand that in a jury trial all 12 jurors must agree as to each of the
elements of each crime charged before I can be found guilty or not guilty.

I understand that by pleading I am giving up my right to make the state prove
me guilty beyond a reasonable doubt as to each of the elements of each crime
charged.

_Jimmy Williams_                    1-5-15
**Signature of Defendant**          **Date**

_[signature]_                        1-5-15
**Signature of Defendant's Attorney**    **Date**

1929 R1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JIMMY LEE WILLIAMS,

                        Petitioner,

        v.                                          OPINION & ORDER

WARDEN L. TEGELS,                                   18-cv-170-jdp

                        Respondent.

In this petition for a writ of habeas corpus under 28 U.S.C. § 2254, prisoner Jimmy Lee Williams is challenging his 2015 conviction for second degree sexual assault of a child. He raises four grounds in his petition: (1) the circuit court erred by refusing to allow Williams to present evidence of the alleged victim's prior sexual conduct, in violation of the Due Process Clause; (2) the circuit court did not have jurisdiction because the criminal complaint was defective; (3) trial counsel provided ineffective assistance of counsel by pressuring him not to withdraw a no-contest plea; and (4) the circuit court relied on inaccurate information at sentencing.

Accompanying Williams's petition is a motion to stay the case while Williams pursues a remedy in state court on several additional grounds: (1) the circuit court excluded Williams from a "pretrial conference" with trial counsel on April 27, 2015; (2) the circuit court held "off the record" discussions on three occasions; (3) after Williams withdrew his motion to withdraw his no-contest plea, the circuit court did not conduct another colloquy to ensure that Williams understood the rights he was waiving; and (4) both trial counsel and appellate counsel were ineffective for failing to raise the first three issues. Williams has also filed a motion for assistance in recruiting counsel.

Ex. C

For the reasons discussed below, I am denying Williams's motions and dismissing the petition as meritless.

## ANALYSIS

### A. Motion to stay

Under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), a court may stay a habeas petition to allow a prisoner to exhaust state court remedies if: (1) the petitioner has good cause for his failure to exhaust his new claim before now; and (2) the claim is not plainly meritless. I will deny the motion because Williams has not satisfied either requirement.

As an initial matter, Williams does not provide any justification for failing to raise these issues in state court sooner. Although Williams had counsel on appeal, that lawyer filed a "no merit" brief, leaving Williams free to raise any ground he wished. In fact, the four grounds asserted in his petition in this court were all grounds that he raised pro se on appeal. Williams also acknowledges that the Wisconsin Supreme Court denied his petition for review in March 2017 and he offers no reason for failing to raise new claims in the year that passed before he filed this petition.

Regardless, none of Williams's new claims have merit. As to the claim that the circuit court and trial counsel had a "pretrial conference" outside his presence, the Due Process Clause does not guarantee the accused a right to attend every hearing. Rather, that right applies when the defendant's "presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *United States v. Segal*, 495 F.3d 826, 837 (7th Cir. 2007) (quoting *United States v. Gagnon*, 470 U.S. 522, 526 (1985)). In this case, Williams does not allege that anything of significance occurred at the conference and it is difficult to see how

2

it could have in light of Williams's decision to plead no contest. Williams does not allege that anything that occurred at the conference affected his decision to enter the plea.

As to Williams's claim that the circuit court held "off the record" discussions on three occasions, Williams fails to explain what these discussions were about or how they prejudiced him. Regardless, Williams's claim is that the circuit court violated the Wisconsin Supreme Court Rules by failing to report the entire proceeding. Even if this is true, that would be a violation of state law, which cannot be raised in a § 2254 petition. *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996).

Williams's third new claim relates to the somewhat unusual circumstances surrounding his decision to enter a no-contest plea. After Williams entered his plea, he obtained new counsel and moved to withdraw his plea. But before the circuit court acted on that motion, Williams withdrew it. Williams says that the circuit court should have conducted a colloquy with him after he withdrew his motion, but he admits that the court had *already* conducted a colloquy when he entered his original plea and he does not identify any deficiencies in that colloquy. Williams says the original colloquy was "voided," but his own allegations show that is incorrect. Williams admits that he withdrew his motion to withdraw his plea *before* the circuit ruled on the motion, so nothing was "voided" except that motion. Williams identifies no reason why it would be necessary to engage in a second colloquy under those circumstances.

Finally, because I have rejected each of Williams's first three new claims as meritless, it follows necessarily that he cannot prevail on his fourth new claim, which is that his counsel was ineffective for failing to raise these issues. Counsel does not act deficiently by failing to raise a meritless issue.

Because Williams has not shown good cause for failing to raise his new claims in state court sooner and none of the claims have merit, I will deny the request for a stay.

## B. Rule 4 screening

Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because it is clear that Williams cannot prevail on any of the grounds raised in his petition, I am dismissing the case.

Williams's first claim is that the circuit court erred by refusing to allow Williams to present evidence of his alleged victim's prior sexual conduct, in violation of the Due Process Clause. But the Wisconsin Court of Appeals held that Williams waived this claim by pleading no contest, Dkt. 1-4, at 4, relying on a longstanding rule under Wisconsin law. *State v. Kelty*, 2006 WI 101, ¶ 18, 294 Wis. 2d 62, 73, 716 N.W.2d 886, 892. When a state court denies relief under a state procedural rule like this one, a federal court cannot review the claim unless the petitioner shows cause and prejudice. *Johnson v. Thurmer*, 624 F.3d 786, 789 (7th Cir. 2010); *Sreckenbach v. Dittman*, No. 13-C-269, 2014 WL 978495, at *1 (E.D. Wis. Mar. 12, 2014); *Nash v. Hepp*, No. 08-cv-202, 2009 WL 1034485, at *3 (E.D. Wis. Apr. 16, 2009).

Williams has not shown cause in this case. The Wisconsin Court of Appeals found in its decision that Williams was aware at the time that he could not appeal the evidentiary ruling if he entered a no-contest plea, Dkt. 1-4, at 4, and Williams does not challenge that finding. Instead, he says that that the circuit court did not ask him whether he "understood the difference between a guilty plea and a no-contest plea." Dkt. 1, at 7. But that is a separate question. The important point for the purpose of this case is that Williams was aware of the rights he was waiving. *United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). The

4

Wisconsin Court of Appeals found that the circuit court's colloquy was sufficient in that regard and Williams does not challenge that finding. It does not matter whether the circuit court explained any differences between a no-contest plea and a guilty plea, so long as Williams knew the consequences of his plea. *State v. Morse*, 2005 WI App 223, ¶ 11, 287 Wis. 2d 369, 376, 706 N.W.2d 152, 155.[1]

Williams's second ground is that the circuit court did not have jurisdiction because the criminal complaint was defective. But, as the court of appeals explained, a "circuit court lacks criminal subject-matter jurisdiction only where the complaint does not charge an offense known to law." *State v. Aniton*, 183 Wis. 2d 125, 129, 515 N.W.2d 302, 304 (Ct. App. 1994). Because Williams was charged with sexual assault of a child, which is a crime under Wisconsin law, Wis. Stat. § 948.02, this claim has no merit.

In his petition, Williams supports this claim by challenging the sufficiency of the evidence collected by the police. Dkt. 1, at 9. But, again, that is a different question, one that Williams did not raise in state court. In any event, Williams acknowledges that his alleged victim reported that he had sexually assaulted her, which would be sufficient to support a conviction. *Ali v. Baenen*, No. 12-cv-841-bbc, 2013 WL 4591980, at *4 (W.D. Wis. Aug. 28, 2013) ("[A] victim's testimony is sufficient to support a conviction for sexual assault.").

Williams's third ground is that his trial counsel provided ineffective assistance of counsel by pressuring him not to withdraw his no-contest plea. To prevail on a claim for

---

[1] "The primary difference between a guilty and a no-contest plea is simply that a guilty plea may be used against a defendant in a subsequent or collateral civil action." *State v. Hart*, No. 2013AP420-CRNM, 2013 WL 12183714, at *3 (Wis. Ct. App. Oct. 17, 2013). Williams does not allege now that the difference would have had any bearing on his decision to plead no contest.

ineffective assistance of counsel, a petitioner must show both that counsel performed deficiently and that the petitioner was prejudiced as a result. *Hinton v. Alabama*, 134 S. Ct. 1081, 1087–88 (2014). The Wisconsin Court of Appeals rejected this claim on the ground that there was no evidence to support it. Dkt. 1-4, at 5. Although Williams alleged that counsel told him that the circuit court "would go easy on him" if he kept his no-contest plea, the circuit court told him that he could be sentenced up to 40 years in prison. *Id.* Ultimately, the circuit court sentenced Williams to a 20-year term of imprisonment followed by 10 years of extended supervision. *Id.* at 3.

Again, Williams does not challenge the court of appeals' understanding of the facts. He repeats his allegation that counsel told him that he would get a "lighter sentence" if he pleaded guilty, but he does not allege that counsel promised that he would receive a particular sentence. In fact, Williams did receive a significantly lighter sentence than the 40-year maximum he could have received. And that is without considering the 13 other charges that the state dismissed as part of the plea agreement. *Id.* at 2. Thus, Williams has identified no basis for finding that his counsel performed deficiently by misleading him.

Williams also says that his trial counsel "advised [him] that it would be in his best interest to keep the plea" because "he was facing multiple charges." Dkt. 1, at 12. But Williams does not explain how that advice was either misleading or coercive. Counsel does not provide ineffective assistance by making a recommendation that is based on the facts and circumstances of the case and Williams does not provide any grounds for concluding that counsel's advice was outside "the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985) (internal quotations omitted). In any event, Williams does not

allege that he would have done anything differently if his counsel had given him different advice. *Hutchings v. U.S.*, 618 F.3d 693, 697–99 (7th Cir. 2010).

Fourth, Williams says that the circuit court relied on inaccurate information at sentencing. But this claim is simply a repackaged version of his challenge to his plea. Williams's allegation is that the circuit court failed to consider evidence that he was innocent of his crime, but the court would not have had any reason to consider that evidence in light of Williams's plea. Because I have concluded that Williams's challenge to his plea fails, this claim fails as well.

Williams also includes an allegation that the circuit court "imposed a sentence without meeting the required sentencing guidelines," but he did not raise that claim in state court and he does not explain now how the court erred. In any event, this is another state law claim that cannot be raised in a petition under § 2254.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists

would not debate whether Williams is entitled to relief under § 2254. Therefore, no certificate of appealability will issue.

## C. Assistance in recruiting counsel

The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254 when doing so would serve the interests of justice and the petitioner is financially eligible. In this case, it would not serve the interests of justice to appoint counsel because it is clear from the face of the petition that Williams is not entitled to relief.

ORDER

IT IS ORDERED that:

1. Jimmy Lee Williams's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. Williams's motion to stay, Dkt. 3, is DENIED.

3. Williams's motion for assistance in recruiting counsel, Dkt. 4, is DENIED.

4. Williams is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered April 23, 2018.

BY THE COURT:

/s/
_____

JAMES D. PETERSON
District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

JIMMY LEE WILLIAMS,

      Petitioner,

                                JUDGMENT IN A CIVIL CASE

v.
                                  Case No. 18-cv-170-jdp

WARDEN L. TEGELS,

      Respondent.

---

    This action came for consideration before the court with District Judge James D. Peterson presiding. The issues have been considered and a decision has been rendered.

---

    IT IS ORDERED AND ADJUDGED that judgment is entered denying Jimmy Lee Williams's petition for a writ of habeas corpus under 28 U.S.C. § 2254 and dismissing this case.

| /s/ | 4/23/2018 |
|---|---|
| Peter Oppeneer, Clerk of Court | Date |

# United States Court of Appeals

For the Seventh Circuit
Office of the Clerk
219 South Dearborn Street, Room 2722
Chicago, Illinois 60604
312-435-5850

DOC NO
REC'D/FILED
2016 MAY 31 AM 9: 40

PETER OPPENEER
CLERK US DIST COURT
WD OF WI

Dear Clerk,

The U.S. Court of Appeals received this document in error. We are forwarding it to the **Western District of Wisconsin** for your consideration. If you have already received this document then please disregard this letter.

Sincerely,

Pro Se Clerk

OFFICE OF THE CLERK
United States Court of Appeals
for the Seventh Circuit
219 S. DEARBORN STREET
CHICAGO, ILLINOIS 60604-1874

OFFICIAL BUSINESS



UNITED STATES POSTAGE

PITNEY BOWES

02 1P                    $ 001.84⁰
0000886189    MAY 29 2018
MAILED FROM ZIP CODE 60604

